### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:07CV-P135-R

JAMES EDWARD JOHNSON                                              PLAINTIFF

v.

DR. JOHN CECIL *et al.*                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 against Dr. John Cecil, McCracken County Jail (MCJ) Medical Director; Ritha Gumbiski, P.A. at MCJ; and Bill Adams, McCracken County Jailer.  He sues all Defendants in their individual and official capacities and seeks monetary and punitive damages.  Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs violating his Fifth and Eighth Amendment rights.

Plaintiff reports injuring his hand on July 22, 2007, undergoing an x-ray on July 23, and being told by a doctor that his hand was broken.  Upon return to the jail, Plaintiff had to wrap his own hand until Ken Meek put a splint on his arm.  Plaintiff reports receiving his medication for five days and then having to submit a medical slip due to pain but receiving no response.  On July 30, 2007, Plaintiff was taken to the med room, where Nurse John changed the cast and "said that the previous cast was set wrong.  And was to show old splint to Ritha G.  And put me on

IBP 400 mg."  Plaintiff finally reports that on July 9, 2007,[1] his meds ran out again, and he was in pain.  Plaintiff reports filing a grievance, to which Jailer Adams did not respond.

## II.  <u>STANDARD OF REVIEW</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[1]The Court presumes that Plaintiff meant August 9, 2007, given that he did not injure his hand until July 22, 2007.

2

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.  Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official capacity claims against all Defendants, therefore, are actually against McCracken County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

4

Here, Plaintiff has not alleged that any of Defendants' actions were part of any municipal policy or custom.  As such, the official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

**B.      Individual-capacity claims**

**1.  Fifth Amendment**

The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Plaintiff has failed to demonstrate how the Fifth Amendment applies to his case.  That claim must, therefore, be dismissed.

**2.  Eighth Amendment**

Plaintiff is a pretrial detainee, and strictly speaking, the Eighth Amendment applies only to convicted persons, who are subject to "punishment." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).  Thus, "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Id.* at 686.

### a. __Jailer Adams__

Plaintiff claims that Jailer Adams failed to respond to his grievance.  A prisoner, however, cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).  "The mere denial of a prisoner's grievance states no claim of constitutional dimension."  *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).  Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment.

Additionally, to the extent Plaintiff seeks to hold Defendant Adams liable on the basis of his position as jailer, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416,

6

421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be

a showing that the supervisor encouraged the specific incident of misconduct or in some other

way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory

official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional

conduct of the offending subordinate."  *Bellamy v. Bradley*, 729 F.2d at 421 (citing *Hays v.

Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982).  "[S]imple awareness of

employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888,

903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir.

1996)).  Supervisory liability "must be based on active unconstitutional behavior and cannot be

based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)

(quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to demonstrate any facts showing that Jailer Adams encouraged any

specific incidents or implicitly authorized, approved or knowingly acquiesced to any

unconstitutional conduct.  Mere awareness is insufficient to demonstrate liability.  *Davis v. Sapp*,

No. 99-5769, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability in a case

alleging that defendants were aware of deficiencies in plaintiff's medical treatment but failed to

intervene).

The Eighth and Fourteenth Amendment claims will, therefore, be dismissed against Jailer

Adams.

### b. **Defendants John Cecil and Ritha Gumbiski**

Plaintiff has failed to demonstrate that either Dr. Cecil or Nurse Gumbiski were

deliberately indifferent to his serious medical needs.  Plaintiff claims that an x-ray was taken,

that the "Doctor" said his hand was broken, and that he was "brought back to jail."  As it appears

that the "Doctor" Plaintiff is referring to was a physician outside the facility, it is unclear

whether Defendant Cecil is the "Doctor" to which Plaintiff refers.  If Defendant Cecil is the

"Doctor," Plaintiff has failed to allege any wrongdoing on the "Doctor's" part.  To the extent that

"John the Nurse" (as referenced by Plaintiff in his complaint) is Defendant John Cecil, Plaintiff

has also failed to demonstrate any deliberate indifference.  Rather, he alleges that "John the

Nurse" attended to his medical needs in that he changed Plaintiff's cast, advised that the previous

cast (which was apparently applied by non-defendant Ken Meek) was set wrong, directed

Plaintiff to show the old splint to Ritha G., and prescribed IBP 400 mg.  As to Defendant

Gumbiski, Plaintiff fails to describe any action or inaction on her part.  Rather, the only mention

of her in the statement of claim is that "John the Nurse" told Plaintiff to show his splint to

Defendant Ritha G., nothing more.  Because Plaintiff has failed to show any deliberate

indifference by Defendants Cecil or Gumbiski, the Eighth and Fourteenth Amendment claims

will be dismissed against them.

As all claims will be dismissed, the entire action will be dismissed.  The Court will enter

a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney
4413.005

8